**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER CECALA,<br><br>   Plaintiff,<br><br>  v.<br><br>BRIGHTVIEW SENIOR LIVING, LLC, JOHN DOES 1-10 (said names being fictitious true names presently unknown), ABC CORP. I-X (said names being fictitious, true names presently unknown),<br><br>   Defendants. | Civ. No. 23-00036 (CCC)<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court upon defendant Brightview Senior Living, LLC's ("Defendant" or "Brightview") motion to dismiss plaintiff Christopher Cecala's ("Plaintiff") first amended complaint (ECF No. 22, "FAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 23. Plaintiff filed a response in opposition (ECF No. 24), and Defendant replied (ECF No. 29). The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

**WHEREAS** the instant dispute arises out of the termination of Plaintiff's employment with Brightview as Dining Services Director. Plaintiff, a New Jersey resident, is a chef with over twenty years of culinary experience. FAC ¶¶ 2, 8. Brightview, a Maryland-based organization, owns and operates retirement communities throughout New Jersey and across the United States. *Id.* ¶¶ 3, 6. Plaintiff alleges that in May 2016, he agreed to an employment contract with Brightview which outlined the terms of employment, code of conduct, and number of hours to be

worked per week. *Id.* ¶ 11. Plaintiff contends that Brightview, to induce Plaintiff to enter into a valid and binding contract, promised him "that he would work no more than 45 to 50 hours a week usually from Monday through Friday" and that he "would work exclusively at the Paramus location." *Id.* Plaintiff asserts that Brightview violated the terms of the agreement through conduct including reassigning him to work at the Tenafly location, and, at times, forcing him to work more than 80 hours per week, due to his supervisor, Stephen Nichols ("Nichols"), poorly staffing of the waitstaff and dishwashing positions. *Id.* ¶¶ 12–13. Plaintiff avers that he informed management of such purported violations of his employment agreement and other inappropriate behavior in which Nichols engaged. *Id.* ¶ 14. He further alleges that Brightview also breached the employment contact "by disseminating inaccurate information that the Plaintiff was terminated because 'he was in over his head.'" *Id.* ¶ 16. Plaintiff contends that on January 4, 2017, he was wrongfully terminated which "was also a breach of the employment contract and the employee handbook." *Id.* ¶ 18. Plaintiff notes that he relied on Brightview's promises regarding the conditions of his employment during negotiation and refrained from choosing other employment as a result. *Id.* ¶ 19. He contends that Brightview's purported breach of contract and failure to abide by such promises caused Plaintiff to suffer consequential and incidental damages. *Id.* ¶¶ 18, 20–21; and

**WHEREAS** on January 5, 2023, Brightview filed a notice of removal, removing this action from Bergen County Superior Court. ECF No. 1. On March 10, 2023, Plaintiff filed the instant amended complaint asserting claims for "breach of contract/implied contact" and promissory estoppel. ECF No. 22. On March 23, 2023, Brightview filed this motion to dismiss Plaintiff's amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6). ECF No. 23. Plaintiff opposed Brightview's motion (ECF No. 24)[1] and Brightview replied (ECF No. 29); and

**WHEREAS** to survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations omitted). Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); and

**WHEREAS** Brightview moves to dismiss Plaintiff's contractual claim for failure to state a claim in light of his at-will employment status. ECF No. 23-1 ("Def. Br.") at 7–10. "To state a claim for breach of contract, [a plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Though it is not entirely clear from Plaintiff's amended complaint, the Court understands Plaintiff's references to the "employment contract" to refer to Brightview's "Associate

---

[1] The Court notes that Plaintiff's opposition brief does not squarely address Brightview's substantive arguments contained in its motion to dismiss as to the flaws of Plaintiff's amended complaint and instead merely recites, without sufficient analysis, the pleading standards under Federal Rules of Civil Procedure 8 and 12. *See* ECF No. 24.

3

Handbook."[2]  *See* ECF No. 23-2 ("Moore Decl."), Ex. B.  "Under New Jersey law, the employment-at-will doctrine provides that 'an employer may fire an employee for good reason, bad reason, or no reason at all' unless prohibited by law or public policy."  *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 308 (3d Cir. 2004) (quoting *Witkowski v. Thomas J. Lipton, Inc.,* 136 N.J. 385, 397 (1994)).  "Either party may terminate an employment relationship at will unless an agreement exists between the parties that provides otherwise."  *Id.* (citing *Varrallo v. Hammond Inc.,* 94 F.3d 842, 845 (3d Cir. 1996)).  "An employer's employee handbook or manual may, in certain circumstances, give rise to legally enforceable contractual rights."  *Taylor v. Lincare, Inc.*, No. CV 15-6284 (RMB/JS), 2016 WL 3849852, at *10 (D.N.J. July 15, 2016) (citing *Monaco*, 359 F.3d at 308).  "Whether an employee manual creates an implied employment contract 'turns on the reasonable expectations of employees.'"  *Id.* (quoting *Nicosia v. Wakefern Food Corp.*, 136 N.J. 401, 408 (1994)).  "A company, however, may prevent an employment guide from creating an implied contract by including a 'clear and prominent disclaimer.'"  *Id.* (quoting *Delgado v. Raritan Bay Med. Ctr.*, 624 F. App'x 812, 813 (3d Cir. 2015)).  "An effective disclaimer must be expressed in language such that no one could reasonably have thought [the manual] was intended to create legally binding obligations."  *Id.* (quoting *Nicosia*, 136 N.J. at 413); and

**WHEREAS** Brightview's Associate Handbook expressly provides, under a bold heading that reads "An Important Note About Our Associate Handbook," that:

> [T]his Handbook does not constitute a guarantee that your employment will continue for any specified period of time or end only under certain conditions.  It is not a contract, implied or otherwise, as to terms and conditions of employment, which are always subject to change.  Employment at Brightview is a voluntary, at-

---

[2] Plaintiff does not explicitly identify any other agreement between the parties.  Moreover, Plaintiff contends that the "employment contract" contained information about the terms of employment and the code of conduct, each of which is included in the Associate Handbook.  FAC ¶ 11; Moore Decl., Ex. B.  To the extent a different agreement exists, Plaintiff may identify such an agreement in a second amended complaint.

>will relationship. Regardless of anything that may appear in this Handbook or any other Brightview publication, policy, statement, or practice, you have the right to terminate your employment relationship for any reason with or without cause or notice at any time and Brightview reserves the right to do the same.[3]

Moore Decl, Ex. B at D-0048. In light of this clear provision, the Associate Handbook cannot reasonably be understood as an employment agreement. *See Taylor*, 2016 WL 3849852, at *11 ("Having read the disclaimer included in the employee handbook, no one, including Plaintiff, could have reasonably thought that the handbook intended to create any legally binding obligations on Lincare."). Critically, Plaintiff may not sustain a claim for breach of contract where no contract exists. *See Frederico*, 507 F.3d at 203 (noting that the first element of a breach of contract claim under New Jersey law is "a contract between the parties"). Moreover, the Associate Handbook contains no explicit provisions identifying a certain number of hours to be worked or a location to work those hours as Plaintiff alleges. In fact, the Handbook states that "In order to best align our work force, you may be asked to transfer to a new work assignment in order to maintain your employment. Specifically, you must be willing and able to work in other assignments and/or overtime to meet business needs as determined by the Company." Moore Decl., Ex. B at D-0022. Therefore, the Court will grant Brightview's motion to dismiss Plaintiff's breach of contract claim.

**WHEREAS** Brightview also moves to dismiss Plaintiff's promissory estoppel claim. Def. Br. at 13–14. Under New Jersey law, to plead a promissory estoppel claim, a plaintiff must allege facts showing: (1) a promisor made a "clear and definite promise;" (2) the promisor made the

---

[3] The Third Circuit has held that courts deciding a motion to dismiss "may consider document[s] integral to or explicitly relied upon in the complaint, or . . . matters incorporated by reference or integral to the claim." *Pinkney v. Meadville, Pennsylvania*, No. 21-1051, 2022 WL 1616972, at *2 (3d Cir. May 23, 2022) (citations and quotations omitted). Although Plaintiff did not include the Associate Handbook as an exhibit to his amended complaint, it is explicitly referenced and relied upon. Therefore, the Court considers the document in assessing the sufficiency of Plaintiff's complaint against Defendants' motion to dismiss. Plaintiff does not argue otherwise.

5

promise "with the expectation that [the promisee] will rely on it;" (3) the promisee "reasonably" relied on the promise; and (4) the promisee relied on that promise to its "definite and substantial detriment." *Premier Orthopaedic Assocs. of S. NJ, LLC v. Anthem Blue Cross Blue Shield*, No. CV2202407RMBEAP, 2023 WL 3727889, at *6 (D.N.J. May 30, 2023) (*Goldfarb v. Solimine*, 245 N.J. 326, 340 (2021)). Plaintiff alleges that "Defendant" promised him that "he would work no more than 45 to 50 hours a week usually from Monday through Friday." FAC ¶ 11. He likewise notes that "there [w]as a strict understanding that the Plaintiff would work exclusively at the Paramus location."[4] *Id.*; and

**WHEREAS** nevertheless, Plaintiffs allegations are insufficient as pleaded to state a claim for promissory estoppel. As an initial matter, Plaintiff's amended complaint is "devoid of any specific allegations regarding who communicated the alleged promise[s] [of such employment conditions], [and] when and where [they were] made." *Zhejiang Rongyao Chem. Co. v. Pfizer Inc.*, No. CIV.A. 11-5744 PGS, 2012 WL 4442725, at *6 (D.N.J. Sept. 21, 2012) (analyzing such flaws vis-à-vis the "clear and definite" prong). Moreover, as noted above, the Associate Handbook contradicts the alleged promises insofar as it establishes that Brightview employees may be reallocated to new work assignments during employment and must be willing and able to take on such new assignments and to work overtime as necessary. Moore Decl., Ex. B at D-0022; *see Coates v. Cooper Health Sys.*, No. CIV. 13-4442 JEI/AMD, 2014 WL 1350374, at *3 (D.N.J. Apr. 7, 2014) (holding that reliance on alleged promise was unreasonable as a matter of law where it conflicted with terms and conditions of employment); and

---

[4] To the extent Plaintiff alleges that "Defendant made other promises in writing and otherwise to the Plaintiff to induce him to enter into a valid and binding employment contract" (FAC ¶ 11), such a vague contention does not qualify as a "clear and definite promise."

**WHEREAS** in any event, the allegations in Plaintiff's amended complaint fail to satisfy the fourth prong of a promissory estoppel claim—the requirement that the promisee suffered a "definite and substantial loss" in reliance on the promise.  As another Court in this District has previously explained:

> [C]ourts have allowed plaintiffs to present claims of promissory estoppel to a jury or awarded damages on a theory of promissory estoppel where the plaintiff suffered some clear detriment in reliance on a defendant's promises.  For example, where a plaintiff terminates one lease and incurs expenses in relocating to commence a contract with defendant, which defendant later terminates, plaintiff may have a claim for promissory estoppel. Similarly, a plaintiff who purchased property for lease to a defendant on the defendant's representation that the parties had "a deal" made out a claim for promissory estoppel adequate to survive summary judgment. And, where plaintiff terminated an existing lease on defendant's representation that a new lease with defendant was a "done deal," plaintiff made out a case for promissory estoppel.
>
> In each of these cases, however, . . . the plaintiff incurred some external, additional cost in reliance on the defendant's representations, which cost could be recovered on a theory of promissory estoppel.

*Swider v. Ha-Lo Indus., Inc.*, 134 F. Supp. 2d 607, 620 (D.N.J. 2001) (internal citations omitted); and

**WHEREAS** in the present case, Plaintiff merely alleges that he "refrained from choosing other employment opportunities" in relying on Defendant's purported promises.  FAC ¶ 19. Plaintiff neither identifies any particular opportunities he forewent nor specifies any other external costs incident to reliance on the alleged promises.  Plaintiff's barebones allegation that he chose Brightview's offer of employment over others, without more, is insufficient to allow his promissory estoppel claim to proceed.  *See Taylor*, 2016 WL 3849852, at *12 ("In essence, a plaintiff must allege that he sustained 'losses incident to the reliance upon the job offer itself,' such as relocating, incurring moving expenses, giving up clients, or other costs undertaken because of the job offer or promise of continued employment." (quoting *Peck v. Imedia, Inc.*, 293 N.J. Super. 151, 167 (App. Div. 1996))); *Blizzard v. Exel Logistics N. Am., Inc.*, No. CIV.A. 02-4722FLW,

2005 WL 3078175, at *14 (D.N.J. Nov. 15, 2005) ("While New Jersey has allowed for promissory estoppel claims in the context of at-will employment if certain limited facts exist, . . . none of those facts exist here. Blizzard did not leave a job in reliance of an offer of employment which the employer later rescinded."); and

**WHEREAS** in short, because Plaintiff has failed to allege that he "'incurred some external, additional cost in reliance on the defendant's representations . . . beyond that suffered by every at-will employee upon termination,' he has also failed to adequately plead the final element of a promissory estoppel claim." *Taylor*, 2016 WL 3849852, at *12 (quoting *Swider*, 134 F. Supp. 2d at 620). Therefore, the Court will grant Brightview's motion to dismiss Plaintiff's promissory estoppel claim.

**Accordingly, IT IS**, on this 11th day of October, 2023,

**ORDERED** that the Court grants Defendant's motion to dismiss (ECF No. 23) and dismisses Plaintiff's first amended complaint (ECF No. 22) without prejudice; and it is further

**ORDERED** that to the extent Plaintiff is able to cure the pleading deficiencies identified in the Court's Opinion, he shall have thirty (30) days from the date of this Order to file an amended complaint. Insofar as Plaintiff submits an amended complaint, he shall also provide a form of the amended complaint that indicates in what respect it differs from the original complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2); and it is finally

**ORDERED** that the Clerk of the Court shall close this case. The matter shall be reopened in the event that Plaintiff timely files an amended Complaint.

**SO ORDERED.**

                                                   *s/Claire C. Cecchi*
                                                 **CLAIRE C. CECCHI, U.S.D.J.**